IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD MITCHELL,** | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| **THE DIEZ GROUP, LLC** | ) | **REQUEST FOR JURY TRIAL** |
| **d/b/a DIEZ GROUP,** | ) | |
| *Serve Registered Agent:* | ) | |
| Craig Richau | ) | |
| 6100 Stilwell St | ) | |
| Kansas City, MO 64120 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **THE DIEZ GROUP KANSAS CITY** | ) | |
| **LLC d/b/a DELACO STEEL KANSAS** | ) | |
| **CITY,** | ) | |
| *Serve Registered Agent:* | ) | |
| Chris Becker | ) | |
| 12441 NE 41st Street, Ste 200 | ) | |
| Kansas City, MO 64161 | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Richard Mitchell ("Plaintiff"), by and through his attorneys, and brings this Complaint for Damages against The Diez Group, LLC d/b/a Diez Group and The Diez Group Kansas City LLC d/b/a Delaco Steel Kansas City (collectively "Defendants"), and alleges as follows for his cause of action:

### Parties and Jurisdiction

1. Plaintiff is a citizen of the United States, residing in Grandview, Jackson County, Missouri.

1

2. Defendant The Diez Group, LLC d/b/a Diez Group ("Defendant Diez Group") is and was at all relevant times a foreign for-profit limited liability company incorporated under the laws of Michigan. Defendant Diez Group is and was at all relevant times authorized to conduct business in the State of Missouri and was doing business in the State of Missouri.

3. Defendant Diez Group conducts substantial and continuous business and has substantial and numerous contacts with the State of Missouri.

4. Defendant The Diez Group Kansas City LLC d/b/a Delaco Steel Kansas City ("Defendant Delaco Steel") is and was at all relevant times a foreign for-profit limited liability company incorporated under the laws of Michigan. Defendant Delaco Steel is and was at all relevant times authorized to conduct business in the State of Missouri and was doing business in the State of Missouri.

5. Defendants jointly maintain and operate a place of business at 400 Atlantic Street, Kansas City, MO 64116.

6. Upon information and belief, Defendants are joint and/or single employers of Plaintiff with substantial interrelation of operations, and common ownership and/or financial control.

7. This is an employment case based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq*. ("MHRA"), the Americans with Disabilities Act ("ADAAA"), as amended in 2008, 42 U.S.C. § 12101 *et seq.*, and the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.010 *et seq.*

8. Plaintiff was an employee of Defendants within the meaning of the MHRA, ADAAA, and the Missouri Workers' Compensation Law.

9. Defendants are employers within the meaning of the MHRA, Mo. Rev. Stat. § 213.010(8), the ADAAA, 42 U.S.C. § 12111(5)(A), and the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.030.1.

10. This Court has jurisdiction and venue over all factual and legal matters relevant to the cause of action.

11. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Missouri Western Division.

12. Jurisdiction and venue are proper in the Western District of Missouri Western Division pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1391(b).

**Administrative Procedures**

13. On or about June 2, 2022, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination alleging disability discrimination and retaliation. (Exhibit 1).

14. On or about November 30, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue (Exhibit 2) and this lawsuit was filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue.

15. On or about December 30, 2022, the MCHR issued to Plaintiff a Notice of Right to Sue (Exhibit 3) and this lawsuit was filed within ninety (90) days of the issuance of the MCHR's Notice of Right to Sue.

16. The aforesaid Charge of Discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of a MCHR or

EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

17. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

**General Allegations Common to All Counts**

18. Plaintiff began working for Defendants on or about March 28, 2022, as a Maintenance Technician at Defendant's facility located at 400 Atlantic Street, Kansas City, MO 64116.

19. On or about May 18, 2022, Plaintiff injured his back and right shoulder while doing some repetitive pulling and pushing, and heavy lifting.

20. The following day, on or about May 19, 2022, Plaintiff woke up sore and in a lot of pain from his injury, so he called Human Resources Sharon Melvin ("HR Melvin") and notified her of his injury.

21. HR Melvin sent Plaintiff to the workers' compensation doctor, Concentra, where Plaintiff was diagnosed with a cervical strain, strain of his right shoulder, and thoracic myofascial strain.

22. Concentra gave Plaintiff the following light duty restrictions: may lift up to ten (10) pounds constantly, may push and pull up to ten (10) pounds constantly, no reaching above shoulders with affected extremity, no reaching above head with affected extremity, and no use of right upper extremity.

23. Concentra scheduled Plaintiff for a follow-up appointment on or about May 23, 2022.

24. After Plaintiff's appointment at Concentra, Plaintiff called HR Melvin and notified her of his diagnosis and light duty restrictions.

25. HR Melvin asked Plaintiff to send her a copy of the paperwork from Concentra, and told Plaintiff that he could not return to work until he was 100% and released to full duty, because Defendants did not have light duty for Plaintiff's position.

26. Shortly thereafter, Plaintiff texted a copy of his paperwork form Concentra to HR Melvin.

27. On or about May 23, 2022, Plaintiff notified HR Melvin that Concentra re-scheduled his follow-up appointment from on or about May 23, 2022, to on or about May 24, 2022.

28. When Plaintiff went to his appointment at Concentra on or about May 24, 2022, the doctor told him that he needed to begin physical therapy for his injuries, and kept his previous light duty restrictions in place.

29. Concentra scheduled Plaintiff for an appointment for physical therapy for on or about May 26, 2022, and a follow-up appointment for on or about May 31, 2022.

30. After Plaintiff's appointment on or about May 24, 2022, Plaintiff texted HR Melvin and told her that he would be off work until he saw the doctor again the following Tuesday, on or about May 31, 2022.

31. Shortly thereafter, HR Melvin responded, "We no longer need your services. Please return your badge so it's not charged back to you."

32. Thus, Defendants terminated Plaintiff on or about May 24, 2022.

## COUNT I
### Retaliation in Violation of the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.780

33. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

34. Defendants were Plaintiff's employer pursuant to the Workers' Compensation Law.

5

35. Plaintiff exercised his rights under the Workers' Compensation Law when he suffered a workplace injury, reported that injury, and sought treatment for that injury.

36. Defendants knew or anticipated that Plaintiff did or would file a workers' compensation claim before Defendants terminated his employment.

37. Plaintiff was subsequently terminated by Defendants.

38. Plaintiff's exercise of his workers' compensation rights was a motivating factor in Defendants' decision to terminate Plaintiff.

39. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine of *respondeat superior*.

40. Defendants failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against their employees.

41. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the Workers' Compensation Law.

42. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified, and/or authorized retaliation against Plaintiff.

43. As shown by the foregoing, as a result of exercising his workers' compensation rights, Plaintiff suffered intentional retaliation in violation of the Workers' Compensation Law.

44. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

45. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem, in the form of garden variety emotional distress and related compensatory damages.

46. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for compensatory damages; for reasonable attorneys' fees and costs incurred herein; for punitive damages; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
**Disability Discrimination in Violation of Mo. Rev. Stat. § 213.010 et seq.**

47. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

48. Plaintiff is disabled or was perceived as disabled pursuant to the MHRA because he suffers from cervical strain, strain of right shoulder, and thoracic myofascial strain. Also, Defendants regarded Plaintiff as having these disabilities and have a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the MHRA.

49. Plaintiff's disabilities affect several major life activities including, but not limited to, employment, and musculoskeletal function, as described in the MHRA.

7

50. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

51. Plaintiff's disabilities or perceived disabilities were a motivating factor in Defendants' decision to terminate Plaintiff's employment.

52. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and/or employees of Defendants and were at all such times acting within the scope and course of their agency and/or employment, and/or their actions were expressly authorized or ratified by Defendants, thus making Defendants liable for said actions under the doctrine of *respondeat superior.*

53. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees.

54. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

55. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants, based on his disabilities or perceived disabilities, in violation of Mo. Rev. Stat. § 213.010 *et seq.*

56. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

57. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

58. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of

8

Case 4:23-cv-00138-GAF   Document 1   Filed 02/27/23   Page 8 of 16

Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided in Mo. Rev. Stat. § 213.111.2.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for compensatory damages, including but not limited to garden variety emotional distress; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
**Failure to Accommodate in Violation of Mo. Rev. Stat. § 213.010**

60. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

61. Plaintiff is disabled or was perceived as disabled pursuant to the MHRA because he suffered from cervical strain, strain of right shoulder, and thoracic myofascial strain. Also, Defendants regarded Plaintiff as having these disabilities and have a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the MHRA.

62. Plaintiff's disabilities affect several major life activities including, but not limited to, employment, and musculoskeletal function, as described in the MHRA.

63. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

64. Defendants refused to engage in any interactive process with Plaintiff to determine a reasonable accommodation for his disabilities.

65. Instead of allowing Plaintiff to work light duty or take time off work while Defendants did not have light duty available for him, Defendants terminated Plaintiff's employment.

66. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

67. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

68. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants, based on his disabilities or perceived disabilities, in violation of Mo. Rev. Stat. § 213.010 *et seq.*

69. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided in Mo. Rev. Stat. § 213.111.2.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for compensatory damages, including but not limited to garden variety emotional distress; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as

allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
## Retaliation in Violation of the ADAAA 42 U.S.C. § 12101 et seq.

71. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

72. Plaintiff engaged in a protected activity by reporting his disabilities to Defendants and requesting a reasonable accommodation of working with light duty restrictions and/or taking time off while Defendants did not have any light duty work for him.

73. Defendants untimely terminated Plaintiff, on or about May 24, 2022, as a result of Plaintiff's above-referenced protected activities.

74. The fact that Plaintiff engaged in a protected activity was at least a motivating factor in Defendants' decision to take adverse action against him.

75. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendants, thus making Defendants liable for said actions under the doctrine of *respondeat superior*.

76. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees.

77. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

78. As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Defendants, based on engaging in a protected activity, in violation of the ADAAA.

79. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

80. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

81. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

82. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees as provided in the ADAAA.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT V (Plead in the Alternative)
### Disability Discrimination in Violation of the ADAAA 42 U.S.C. § 12101 et seq.

83. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

84. Plaintiff is disabled or was perceived as disabled pursuant to the ADAAA because he suffers from cervical strain, strain of right shoulder, and thoracic myofascial strain. Also, Defendants

regarded Plaintiff as having these disabilities and have a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the ADAAA.

85. Plaintiff's disabilities substantially affect several major life activities including, but not limited to, major bodily functions such as his musculoskeletal function, as well as his activities of working, reaching, lifting, pushing, and pulling, as described in the ADAAA.

86. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

87. Plaintiff's disabilities or perceived disabilities were a motivating factor in Defendants' decision to terminate Plaintiff's employment.

88. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendants, thus making Defendants liable for said actions under the doctrine of *respondeat superior*.

89. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees.

90. Defendants failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

91. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants, based on his disabilities or perceived disabilities, in violation of the ADAAA.

92. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

93. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

94. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

95. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees as provided in the ADAAA.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VII (Plead in the Alternative)
### Failure to Accommodate in Violation of the ADAAA 42 U.S.C. § 12101 et seq.

96. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

97. Plaintiff is disabled or was perceived as disabled pursuant to the ADAAA because he suffers from cervical strain, strain of right shoulder, and thoracic myofascial strain. Also, Defendants regarded Plaintiff as having these disabilities and have a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the ADAAA.

98. Plaintiff's disabilities substantially affect several major life activities including, but not limited to, major bodily functions such as his musculoskeletal function, as well as his activities of working, reaching, lifting, pushing, and pulling, as described in the ADAAA.

99. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

100. Instead of allowing Plaintiff to work light duty or take time off work while Defendants did not have light duty available for him, Defendants terminated his employment.

101. Defendants also refused to engage in any interactive process with Plaintiff to determine a reasonable accommodation for his disabilities, despite knowing about Plaintiff's disabilities and his request for accommodation.

102. Defendants made no good faith effort to assist Plaintiff in seeking accommodations.

103. Plaintiff could have been reasonably accommodated but for Defendants' lack of good faith and lack of willingness to engage in the interactive process.

104. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

105. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

106. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants, based on his disabilities or perceived disabilities.

107. As shown by the foregoing, Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of

Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

108. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees as provided in the ADAAA.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury on all counts alleged in the Complaint.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By: */s/* Lauren H. Beck
M. Katherine Paulus   MO 60217
m.paulus@cornerstonefirm.com
Lauren H. Beck        MO 72724
l.beck@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone         (816) 581-4040
Facsimile         (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**