IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD MITCHELL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:23-CV-00138-GAF |
| **THE DIEZ GROUP, LLC** | ) | |
| **d/b/a DIEZ GROUP,** | ) | Hon. Gary A. Fenner |
| | ) | |
| and | ) | |
| | ) | |
| **THE DIEZ GROUP KANSAS CITY,** | ) | |
| **LLC d/b/a DELACO STEEL KANSAS** | ) | |
| **CITY,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendants The Diez Group, LLC and The Diez Group Kansas City, LLC oppose Plaintiff Richard Mitchell's Motion for Extension of Time to File Response to Defendants' Motion for Summary Judgment (Dkt. 40) for the reasons below:

1. Unfortunately, despite Plaintiff's styling his motion as "unopposed," that is not accurate. When Plaintiff's counsel conferred with Defendants' counsel regarding his request for an extension, Defendants explained that they would not oppose the motion *on condition* that Defendants receive a corresponding one-week extension for Defendants to file their reply brief. But rather than sharing the proposed motion before filing, however, Plaintiff filed a motion that (1) did not disclose the terms of Defendants' non-opposition; and (2) did not request an extension for both the Plaintiff's response and the Defendants' reply. *See* Dkt. 40. And when Defendants' counsel informed Plaintiff's counsel of this omission, Plaintiff refused to correct his motion. *See*

Ex. A. Given this sequence of events—and the fact that the motion as filed does not establish any legitimate justification for an extension of time—Defendants must oppose the request.[1]

2. Plaintiff's motion for an extension should be denied. A motion to extend a scheduling deadline requires good cause. *See* Fed. R. Civ. P. 16(b)(4). And this Court has set forth specific procedure in its Scheduling and Trial Order (Dkt. 21) to effectuate this requirement of good cause. It requires a motion for extension to specify "[t]he number of previous extensions and the date the last extension expires," *and* include a "statement as to why the action due has not been completed in the allotted time." *See id.* But Plaintiff's motion ignores the first requirement altogether, and offers only a vague reference to "other business and other intervening case obligations" as a reason for the extension. *Compare* Dkt. 40 *with* Dkt. 21. A perfunctory reference to a busy schedule does not constitute good cause to extend a dispositive motion deadline in a scheduling order. *See Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019).

Accordingly, Defendants oppose Plaintiff's Motion.

Respectfully submitted,

Dated: February 6, 2024

By: */s/ Thomas J. Davis*
Robert J. Finkel (*admitted pro hac vice*)
Thomas J. Davis (*admitted pro hac vice*)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000 (main)
(248) 458-4581 (fax)
rfinkel@khvpf.com
tdavis@khvpf.com

---

[1] To the extent that Plaintiff is allowed to file an untimely response brief, Defendants request only the ordinary 14 days allotted by Local Civil Rule 7.0(c)(3) to file a reply brief, with that deadline measured from the date of the untimely filing.

Matthew J. Westering (MO Bar No. 61134)
SEYFERTH BLUMENTHAL & HARRIS LLC
4801 Main St., Ste. 310
Kansas City, MO 64112
(816) 756-0700 Telephone
(816) 756-3700 Facsimile
matt@sbhlaw.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, the foregoing was served via the Court's CM/ECF system, which sent electronic notice of the filing to all counsel of record.

*/s/ Robert J. Finkel*
Robert J. Finkel