IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:23-CV-00138-GAF |
| v. ) | |
| ) | |
| THE DIEZ GROUP, LLC d/b/a DIEZ ) | |
| GROUP, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE AND CONSOLIDATD SUGGESTIONS IN
SUPPORT OF SAME**

Plaintiff Richard Mitchell ("Plaintiff"), by and through his attorneys, respectfully moves that this Court rule on certain matters anticipated potentially to come before the Court at trial, and prohibit Defendants, and any of their employees, agents, attorneys, and witnesses from introducing – directly or indirectly – through statement, evidence, testimony, documents, mention or argument at trial, the following items.

**I. LEGAL STANDARDS**

Motions in limine can "streamline the presentation of evidence and avoid unnecessary mistrials." *U.S. v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019). Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Relevant evidence may still be deemed inadmissible by the Court under Federal Rules of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As the Eighth Circuit has explained, Federal Rule of

1

Evidence 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983).

## II. SPECIFIC ISSUES

### A. Introductory Period

While Plaintiff does not dispute that Defendants' Employee Manual sets forth a 90-day "Introductory Period" for its employees (*see* Doc. 44 at Plaintiff's Response to Defendants' SOF ¶ 5) and that Plaintiff was within this Introductory Period at the time his employment with Defendants was terminated (*see id.* at Plaintiff's Responses to Defendants' SOF ¶¶ 3, 57), Plaintiff respectfully requests the Court prohibit Defendants from making any argument which implies that his status as an employee during the Introductory Period meant Plaintiff was entitled to less rights as an employee under the Americans with Disabilities Act, the Missouri Human Rights Act, or the Missouri Workers' Compensation Law. *See e.g. Achterberg v. Albaugh, LLC*, No. 5:16-CV-06097-DGK, 2017 U.S. Dist. LEXIS 197291, at *5-6 (W.D. Mo. Nov. 30, 2017) (granting plaintiff's motion in exclude any argument or reference that her status as a temporary employee entitled plaintiff to "less rights" under USERRA). Any such argument or implication has the potential to confuse the jury, and Plaintiff respectfully requests this Court prohibit Defendants from doing so.

### B. Plaintiff's performance and reasons for separation from prior and subsequent employers.

Logically, a plaintiff's employment history has no probative value in determining whether or not a subsequent employer unlawfully discriminated against her. In *Graf v. Wire Rope Corp. of America*, the plaintiff brought an action based on sex discrimination and retaliatory discharge. 861

2

S.W.2d 588 (Mo. App. W.D. 1993). At trial, the defendant offered into evidence a variety of evidence regarding the plaintiff's prior employment, including that she had been fired from a previous job after she didn't return from a vacation. *Id*. at 589. In reversing and remanding for a new trial, the court stated, "The case became ensnarled in collateral questions about plaintiff's employment application answers, and about her prior employment record." *Id*. at 590.

Similarly, federal cases of employment discrimination have consistently held that an employee's performance at prior or subsequent employers is not admissible as character evidence, because plaintiff has not placed his character in issue. For example, in *EEOC v. HBE Corp.*, the court said: "Character is in issue only when it is an essential element of a claim or defense, however, *see* Advisory Committee's Note to Fed. R. Evid. 404(a) and [plaintiff's] moral character was not an essential element of his retaliatory discharge claim." *EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998); *See also Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C. Cir. 1995) ("[T]he district court admitted the evidence for the purpose specifically prohibited by Rule 404 – as evidence that she acted in conformity with her behavior at [her former employer] while working for [her current employer].").

The issues in this case are whether Defendants violated the Missouri Workers' Compensation Act, the Americans with Disabilities Act, or the Missouri Human Rights Act by discriminating against Plaintiff or failing to accommodate his disability, by retaliating against him for requesting a reasonable accommodation, or by retaliating against him for reporting a workplace injury. Any evidence of discipline or termination by prior or subsequent employers has no bearing on any matter at issue in this case. Furthermore, any such evidence has absolutely no bearing on why *Defendants* terminated Plaintiff. Thus, evidence of discipline or termination by prior or subsequent employers is not logically relevant. The prejudicial nature of prior or subsequent

3

disciplines or terminations by employers who are unnamed parties of this case far outweighs any probative value the evidence may possess and is not legally relevant. Furthermore, any evidence of discipline or termination by prior or subsequent employers is improper character evidence and may confuse the jury. For these reasons, Plaintiff respectfully requests that evidence of Plaintiff's performance at prior or subsequent employers, including any instances of termination, be excluded because such is a collateral issue, character evidence, and will be confusing and misleading to the jury.

### C. Plaintiff's Children and Plaintiff's Child Support Obligations

Plaintiff requests the Court prohibit Defendants from introducing any evidence, testimony, or documents regarding Plaintiff's children, including but not limited to: any discussion of the number of children Plaintiff has fathered, the names and ages of his children, his marital or relationship status with the mother(s) of any such children, his current level of contact or relationship with his children, his participation in paternity or child support proceedings, or his obligations to pay and/or current payment of child support for any of his children. Whether Plaintiff has children, the number of children that he has, his relationship with those children and whether he was married to their mothers, whether he has been involved in child support proceedings, and whether he pays child support for those children are all irrelevant to the issues for trial. *See* Fed. R. Evid. 402. *See also Magelky v. BNSF Ry. Co.,* No. 1:06-cv-025, 2008 U.S. Dist. LEXIS 6573, at *4-5 (D.N.D. Jan. 28, 2008) (finding "evidence of [plaintiff's] decision to relinquish her parental rights, even if relevant, would be unfairly prejudicial, mislead the jury, and result in undue delay and a waste of time.").

At Plaintiff's deposition, Defendants' counsel inquired whether Plaintiff was or ever had been married, had any children, saw any of his children, had been involved in child support

proceedings, and currently paid child support for any of his children. *See* Doc. 44-2, Plaintiff's Depo. at 7:25-9:7, 10:11-19. Plaintiff testified he had never been married, that there were a couple of his children he did not see, and that he currently paid child support for six of his children. *Id.* When Plaintiff indicated that he had 13 children, Defendants' counsel asked whether Plaintiff "could remember their names and ages." *Id.* at 8:8-20. This exchange is indicative of the danger of unfair prejudice to Plaintiff if Defendants are permitted to present evidence regarding Plaintiff's children and child support obligations. *See* Fed. R. Evid. 403. This deposition exchange also suggests Defendants would seek to introduce this evidence in an attempt to embarrass Plaintiff in front of the jury and play into any jurors' pre-existing biases and stereotypes about irresponsible fathers. Moreover, evidence regarding these issues has "significant potential to harass and embarrass" Plaintiff and to "denigrate [him] in the eyes of the jury, such that its potential for prejudice substantially outweighs any probative value that it may have." *Barclay v. Mercy Health Servs.-Iowa Corp.*, No. C 07-4074-MWB, 2009 U.S. Dist. LEXIS 70549, at *43 (N.D. Iowa Aug. 12, 2009) (granting plaintiff's motion to exclude any evidence that she married at fifteen due to a pregnancy, evidence regarding the paternity of one of her children, and evidence regarding potential marital infidelity under Rule 403).

Other courts have recognized that the probative value of evidence regarding these types of parental and child support issues may be outweighed by the risk of unfair prejudice to the plaintiff. *See e.g. Lundstrom v. Daniel M. Homolka P.A.,* No. 1:19-CV-01006-CBK, 2021 U.S. Dist. LEXIS 213580, at *20-21 (D.S.D. Nov. 4, 2021)(granting plaintiff's motion in limine to exclude evidence of his payment or non-payment of child support); *Fassett v. VendTech-SGI, LLC*, No. 16-01221-CV-W-ODS, 2018 U.S. Dist. LEXIS 35590, at *9 (W.D. Mo. Feb. 21, 2018)(granting plaintiff's motion in limine to exclude reference to the age of her oldest child where plaintiff argued "it may

5

unfairly prejudice [her] if jurors do not condone a child born out of wedlock"); *Quinn v. Franzen Family Tractors & Parts, LLC,* No. 16-CV-1031-CJW, 2018 U.S. Dist. LEXIS 43100, at *7 (N.D. Iowa Mar. 16, 2018) (finding the probative value of an exhibit reflecting plaintiff's wage garnishment was "substantially outweighed by the danger of unfair prejudice" even though it did not indicate the garnishment was for a child support obligation as "jurors could reach an adverse inference regarding a garnishment as most lay people would associate a garnishment as reflecting some type of outstanding judgment and an unwillingness of the garnishee to voluntarily pay the debt."); *Robinson v. Walmart Stores E.,* LP, No. 14-6006-CV-SJ-FJG, 2015 U.S. Dist. LEXIS 107817, at *8 (W.D. Mo. Aug. 17, 2015) (granting plaintiff's motion in limine to exclude evidence regarding whether his divorce from his first wife had been finalized at the time he married his second wife where plaintiff argued such evidence carried "a high risk of unfair prejudice" towards him and would "cause mini-trials of a collateral issue").

Plaintiff respectfully requests this Court similarly preclude Defendants from presenting evidence, inference, reference, or testimony regarding the number of children Plaintiff has fathered, the names and ages of his children, his marital or relationship status with the mother(s) of any such children, his current level of contact or relationship with his children, or his obligations to pay and/or current payment of child support for any of his children should be excluded.

### D. Testimony or Evidence Regarding Plaintiff's Criminal Conviction

Plaintiff respectfully requests the Court prohibit Defendants from introducing any evidence, testimony, or documents regarding Plaintiff's 2007 criminal conviction. Plaintiff testified at his deposition that he was convicted of aggravated assault in 2007, but that his conviction was later expunged. *See* Doc. 44-2, Plaintiff's Depo. at 9:8-15. Plaintiff first notes that this conviction was not for a crime involving dishonesty. *See e.g. Elite Aviation Serv., LLC v. Ace*

6

*Pools, LLC*, No. 5:19-CV-05134, 2021 U.S. Dist. LEXIS 103038, at *5-6 (W.D. Ark. June 2, 2021) (noting conviction for assault and battery was "not a crime that typically includes an element of a dishonest act or false statement."). Moreover, this conviction occurred more than 10 years ago, and thus, evidence of the conviction may be admitted only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent of the evidence gives the opposing party written notice of its intent to use the evidence. Fed. R. Evid. 609(b). "Importantly, Rule 609(b)(1) reverses the test under Rule 403… Under Rule 609(b)(1), the proponent of the evidence must show that the probative value of the evidence substantially outweighs its prejudicial effect." *Lititz Mut. Ins. Co. v. Martin,* No. 4:19-CV-03282-NCC, 2021 U.S. Dist. LEXIS 188290, at *4 (E.D. Mo. Sep. 30, 2021). Defendants have not yet provided any written notice of their intent to introduce any evidence of Plaintiff's conviction, however, it does not seem likely that the probative value of evidence regarding a conviction for aggravated assault which occurred 17 years ago could substantially outweigh the undeniable prejudicial effect on Plaintiff. *See e.g. Ward* v. Smith, No. 10-3398-CV-S-ODS, 2015 U.S. Dist. LEXIS 43147, at *3 (W.D. Mo. Apr. 1, 2015) (granting plaintiff's motion in limine to exclude evidence or testimony as to any of his criminal convictions which were more than ten years old). For these reasons, Plaintiff respectfully requests the Court exclude any testimony or evidence regarding his 2007 conviction.

### E. Any inquiries as to the fact of and timing of Plaintiff contacting and retaining an attorney, and/or seeking legal advice.

Defendants may attempt to elicit testimony concerning when Plaintiff contacted counsel and how/why the attorney-client relationship was formed. Inquiries into the timing and formation of the attorney-client relationship are irrelevant, prejudicial, and should be prohibited. The right

7

for employees and citizens to seek redress for wrongs through the courts is a fundamental right. Highlighting when Plaintiff contacted an attorney or how the attorney-client relationship formed has no purpose other than to discredit Plaintiff for exercising his rights fundamental to or granted by the legal system, and it should be excluded because it attempts to inject improper and irrelevant issues into this action. *See* Fed. R. Evid. 401 and 402. Further, the probative value of such evidence is greatly outweighed by its prejudicial effect in violation of Fed. R. Evid. 403. For these reasons, Plaintiff respectfully requests the Court preclude Defendants from eliciting any testimony or evidence regarding the fact and timing of Plaintiff's contacting or retaining an attorney and/or seeking legal advice.

### III. CONCLUSION

WHEREFORE for all the above stated reasons, Plaintiff respectfully prays the Court grant his Motion in Limine in its entirety, and for all other relief the Court deems just and proper.

Respectfully submitted,

By: /s/M. Katherine Paulus
M. Katherine Paulus, MO 60217
Drew M. Russell, MO 75746
CORNERSTONE LAW FIRM
5821 NW 72nd Street
Kansas City, Missouri 64151
(816) 581-4040 Telephone
(816) 741-8889 Facsimile
m.paulus@cornerstonefirm.com
d.russell@cornerstonefirm.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, the foregoing was filed electronically using the court's electronic filing system which will send notice to all counsel of record in this case.

/s/ *M. Katherine Paulus*
COUNSEL FOR PLAINTIFF
